# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT DIMA, on behalf of himself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> BEST BUY COMPANY, INC. d/b/a/ BEST BUY CO. OF MINNESOTA; BESTBUY.COM, LLC; BEST BUY STORES, L.P.; and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case No.: <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Vincent Dima ("Plaintiff"), on behalf of himself and all others similarly situated, by his undersigned counsel, alleges, against Defendant BEST BUY COMPANY, INC d/b/a/ BEST BUY CO. OF MINNESOTA; BESTBUY.COM, LLC; BEST BUY STORES, L.P. collectively ("BEST BUY"), and JOHN DOES 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.      From 2008-2012, in this District, BEST BUY's misleading, deceptive and unfair "Price Match Guarantee" was the subject of a different class action case entitled: *Jermyn v Best Buy Stores, L.P,*, 1:08-cv-00214. BEST BUY learned nothing from that litigation as it still uses its "Price Match Guarantee" as a means of baiting and switching the consumer into purchasing products from its stores. In other words, BEST BUY is not a magnanimous retail seller doing right by its customers as a result of matching designated online and/or local competitor's prices; and instead, BEST BUY is just still trying to make the proverbial extra buck through specious trade

16

practices.

2.      Plaintiff brings this class action on behalf of himself and all others similarly situated who were injured by BEST BUY's failure to comply with its own "Price Match Guarantee".

3.      Despite prior litigation in this District involving its "Price Match Guarantee", BEST BUY still maintains an unstated policy, practice and/or procedure of not honoring its "Price Match Guarantee" only now it involves BEST BUY's customers requesting that it match a specific designated online and/or local competitor's lower price.

4.      Indeed, when Plaintiff brought this issue to BEST BUY's attention, BEST BUY shamelessly, and cleverly, altered its own list of designated online and/or local competitors covered by the "Price Match Guarantee".

5.      Plaintiff and the class have been damaged by BEST BUY's policy, practice and/or procedure, and its failure to comply with its own "Price Match Guarantee".

6.      Plaintiff and the class have been damaged by BEST BUY's policy, practice and/or procedure, and its failure to comply with its own "Price Match Guarantee" regarding its list of designated online and/or local competitors.

7.      BEST BUY continues to advertise, promote and utilize its "Price Match Guarantee" despite its failure to honor the price match.

8.      BEST BUY continues to advertise, promote and utilize its "Price Match Guarantee" despite its failure to honor its "Price Match Guarantee" list of designated online and/or local competitors.

9.      Plaintiff and the class have been damaged by BEST BUY's deceptive acts, practices and advertisements and refusal to honor its "Price Match Guarantee".

10.     Plaintiff and the class have been damaged by BEST BUY's deceptive acts,

16

practices and advertisements and refusal to honor its "Price Match Guarantee" involving its list of designated online and/or local competitors.

## JURISDICTION AND VENUE

11.     This Court may assert diversity jurisdiction of this matter under the Class Action Fairness Act, 28 U.S.C. 1331(d) in that Plaintiff resides in the State of New York; Defendants are a Minnesota corporation, limited liability company, and limited liability partnership; and the amount in controversy exceeds $5,000,000.

## PARTIES

12.     Plaintiff, Vincent Dima, is a natural person and resident of Westchester County, State of New York.

13.     Defendant, BEST BUY COMPANY, INC d/b/a/ BEST BUY CO. OF MINNESOTA is a foreign corporation with its principle place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423.

14.     Defendant, BESTBUY.COM, LLC is a foreign limited liability company with its principle place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423.

15.     Defendant, BEST BUY STORES, L.P. is a foreign limited partnership with its principle place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423.

16.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

16

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New York consumers and their successors in interest (the "Class"), consisting of all persons who were damaged by BEST BUY's failure to honor its "Price Match Guarantee" involving specific designated online and/or local competitors listed by BEST BUY.

18.     This Action is properly maintained as a class action. The Class is initially defined as:

> All persons who, in New York, were denied the monetary benefits of BEST BUY's "Price March Guarantee" involving specific designated online and/or local competitors listed by BEST BUY.

The class definition may be subsequently modified or refined.

The Class period begins three years prior to the filing of this Action.

19.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.     <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New York  who were denied the monetary benefits of BEST BUY's "Price March Guarantee" involving specific designated online and/or local competitors listed by BEST BUY.

b.     <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

- Whether Defendants have a policy or practice of refusing to honor BEST BUY's "Price Match Guarantee" involving specific designated online

16

and/or local competitors on BEST BUY's list ;

    (b)    Whether Defendants made false or misleading statements, or representations of fact;

    (c)    Whether Defendants' acts actually deceived or had a tendency to deceive a substantial segment of its audience;

    (d)    Whether Defendants violated New York's General Business Law §349;

    (e)    Whether Defendants violated New York's General Business Law §350;

    (f)    Whether members of the class are entitled to the entry of final and injunctive relief compelling Defendants to honor its "Price Match Guarantee";

    (g)    Whether class members are entitled to actual damages and if so, the appropriate amount thereof; and

    (h)    Whether Defendants deliberately misrepresented or failed to disclose material facts to Plaintiff and the Class members.

    c.    <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d.    <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

    20.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate no unusual difficulties in the management of this class action.

21.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

22.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

23.     Best Buy is one of the largest specialty retailers of consumer electronics in the United States and Canada, with over 1,000 stores worldwide and 100,000 employees.[1] Best Buy has multiple stores within the State New York including, but not limited to, numerous stores within the metropolitan area of New York City and Westchester County.

24.     On or about February 5, 2023, BEST BUY's "Price Match Guarantee" involved BEST BUY matching the product prices of either designated online and/or local competitors.

25.     On or about February 4, 2023, one of BEST BUY's designated online and/or local competitors available through its "Price Match Guarantee" was a non-party, online, company called TigerDirect.

26.     Accordingly, on or about February 4, 2023, BEST BUY's "Price Match Guarantee" (barring exceptions not relevant here) involved matching the price of a product advertised through TigerDirect.

27.     On or about February 4, 2023, a consumer could take advantage of BEST BUY's

16

"Price Match Guarantee" in a BEST BUY store, through its online "Best Buy Chat" and/or through telephoning BEST BUY.

28.     On or about February 4, 2023, Plaintiff had personal knowledge of BEST BUY's "Price Match Guarantee".

29.     On or about February 4, 2023 Plaintiff had personal knowledge that BEST BUY's "Price Match Guarantee" involved consumers communicating with BEST BUY the price differential between BEST BUY's price and that of the designated online and/or local competitor. Plaintiff had further personal knowledge that the consumer would then purchase the product, and subsequently receive an email from BEST BUY within moments of purchase setting forth instructions on how the consumer claims the price differential rebate/refund.

30.     On or about February 4, 2023, Plaintiff had personal knowledge that TigerDirect was a designated online and/or local competitor of BEST BUY, which was covered under BEST BUY's "Price Match Guarantee".

31.     On or about February 4, 2023, visited TigerDirect's website and confirmed that an Apple IPad Pro (12.9 inch screen, 128 GB of storage) was listed for $555.99.

32.     On or about February 4, 2023, Plaintiff visited BEST BUY's website and confirmed that  Apple IPad Pro(s) (12.9 inch screen, 128 GB of storage) were listed for $1,099.00

33.     On or about February 4, 2023, Plaintiff contacted BEST BUY to use its "Price Match Guarantee" to have it match the TigerDirect price for his first IPad Pro (12.9 inch screen, 128 GB) he would purchase through BEST BUY. Upon confirmation of the TigerDirect price match from BEST BUY, Plaintiff purchased the _first_ IPad that day but did not immediately receive the rebate/refund.

---

[1] https://corporate.bestbuy.com/about-best-buy/ (*last visited* March 28, 2023)

34.     On or about February 4, 2023, Plaintiff contacted BEST BUY to use its "Price Match Guarantee" to have it match the TigerDirect price for his *second* IPad Pro (12.9 inch screen, 128 GB) he would purchase through BEST BUY. Upon confirmation of the price match from BEST BUY, Plaintiff purchased the *second* IPad that day but did not immediately receive the rebate/refund.

35.     On February 4, 2023, and after purchasing the *first* and *second* IPads, he traveled to the BEST BUY retail store (#471) in Mount Vernon, New York, in order to pick up the IPads he had purchased earlier that day.

36.     While at the BEST BUY retailed store (#471) he decided to use its "Price Match Guarantee" to have it match the TigerDirect price to purchase a *third* IPad Pro (12.9 inch screen, 128 GB). However, he was informed at the Mount Vernon, New York BEST BUY store that not only would it not comply with the "Price Match Guarantee" as to Plaintiff's purchase of the *third* IPad Pro (12.9 inch screen, 128 GB) but that store would also not comply with "Price Match Guarantee" as to the *first*, and *second* IPads purchased by Plaintiff online earlier that day.

37.     On or about February 4, 2023, Plaintiff visited several other BEST BUY stores in New York metropolitan area to take advantage of BEST BUY's "Price Match Guarantee" to have it match the TigerDirect price for the *first*, *second*, and *third* IPads he purchased but all of them refused.

38.     Curiously, or not so, shortly after Plaintiff requested from BEST BUY that it price match his purchased IPads using the TigerDirect price, TigerDirect was removed by BEST BUY as a designated online and/or local competitor.

16

## FIRST CAUSE OF ACTION

### (Violation of New York's General Business Law §349 Deceptive Acts and Practices)

39.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

40.     With regarding to New York consumers, Defendants' acts, practices and advertisements are of a recurring nature and were directed at consumers.

41.     With regarding to New York consumers, Defendants' acts, practices and advertisements are materially deceptive and misleading.

42.     With regarding to New York consumers, Plaintiff and the class were injured as a result of Defendants' deceptive acts, practices and advertisements.

## SECOND CAUSE OF ACTION

### (Violation of New York's General Business Law §350 Deceptive Acts and Practices)

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

44.     With regarding to New York consumers, Defendants' advertisements were false and misleading in a material respect.

45.     With regarding to New York consumers, Plaintiff and the class have been aggrieved by the Defendants' false advertising.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

46.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

47.     Defendants were enriched by its deceptive acts.

16

48.     The enrichment was at expense of Plaintiff and the class.

49.     The circumstances were such that equity and good conscience require Defendants

to make restitution.

50.     Defendants failed to make restitution.

51.     As a result, Plaintiff and the class have been damaged.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief)

52.     Plaintiffs repeat each and every allegation contained in the preceding paragraphs of

the complaint as if set forth at length herein.

53.     Defendants' conduct is improper and deceptive and has caused injury to Plaintiff

and the class.

54.     The grounds for an injunction are present therein, including the fact that Plaintiff

and the class has a likelihood of success on the merits; irreparable harm will be done if the injunction

is denied; the balance of the equities is in favor of granting the injunction and Plaintiff and he class

have been injured by defendant's action and will continue to be injured absent the requested

injunctive relief.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action

and certifying Plaintiff as Class representative and their attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding pre-judgment interest;

(d)     Awarding post-judgment interest;

16

(e)      Awarding  Plaintiff  costs  of  this  Action,  including  reasonable

attorneys' fees and expenses; and

(f)      Awarding Plaintiff and the Class such other and further relief as the

Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial

by jury on all issues so triable.

Dated: April 6, 2023
       New York, New York

By:      *s/ Joseph K. Jones*
         Joseph K. Jones, Esq.
         jkj@legaljones.com

         */s Benjamin J. Wolf*
         Benjamin J. Wolf, Esq.
         bwolf@legaljones.com
         Jones, Wolf & Kapasi, LLC
         One Grand Central Place
         60 E. 42nd Street, 46th Floor
         New York, New York 10165
         (646) 459 7971
         (646) 459 7973 (fax)

         *Attorneys for Plaintiff*

16